**UNITED STATES of America, Appellee,**

v.

**Kenneth Lange MARTIN, Appellant.**

**No. 81–1758.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 1982.

Decided Nov. 2, 1982.

William J. Friedl, Phoenix, Ariz., for appellant.

Gloria Ybarra, Asst. U.S. Atty., Phoenix, Ariz., for appellee.

Before GOODWIN and NELSON, Circuit Judges, and MARSHALL,* District Judge.

PER CURIAM.

Martin appeals his conviction of possession with intent to distribute cocaine. The only issue on appeal is whether the district court erred when it denied Martin's motion to suppress contraband seized at his home without a warrant.

Laura L. Garcia, an undercover DEA agent, came to Martin's house at his invitation posing as a buyer of contraband. She watched Martin weigh the cocaine, place it in a plastic bag, place the plastic bag inside a manila envelope, place the envelope in a bank bag, zip the bank bag shut, lock the bank bag, and put it in the bottom left-hand drawer of a desk in Martin's bedroom.[1] Garcia then went outside to meet another agent (allegedly her "girlfriend" with the money). When Garcia returned, she arrested Martin in the hallway. He

---

* The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

1. Although Martin disputes Garcia's observance of these activities, the district court's resolution of the conflict in the testimony is not clearly erroneous.

was taken into the living room and placed in a chair. Garcia then went back into the bedroom at the end of the hallway, opened the bottom left-hand desk drawer, and retrieved the locked bank bag. The key was obtained from Martin and used to open the bag. Garcia then took the bag to the police station.

■ Warrantless searches are per se unreasonable under the Fourth Amendment, subject only to a few specifically established exceptions. The burden is on the government to prove that the departure from the warrant requirement was justified. *United States v. Gardner,* 627 F.2d 906, 909 (9th Cir. 1980); *Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973). The district court relied on the "plain view" exception in denying the motion to suppress.

■ Even assuming, *arguendo,* that the seizure of the closed bank bag from Martin's desk drawer was legal, a question which we do not need to decide, the subsequent search of its contents required a warrant under the Fourth Amendment. *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). No exigent circumstances existed. The bag was in police custody; its contents were not subject to removal or destruction by Martin or by Martin's confederates. Under these circumstances, the Fourth Amendment requires that a neutral magistrate make the decision to open the bag. Officer Garcia herself admitted that nothing prevented the police from obtaining the required warrant.

The cases upon which the government relies, *United States v. Johnson,* 561 F.2d 832 (D.C.Cir.1977), and *United States v. Ortiz,* 603 F.2d 76 (9th Cir. 1979), do not discuss the warrantless opening of a closed container in police custody. In *United States v. Blalock,* 578 F.2d 245 (9th Cir. 1978), we emphasized that a box containing contraband seized under the plain view doctrine was opened and searched only after the police had obtained a warrant. No exigent circumstances justify a departure from that procedure in the case at bar.

Because the evidence should have been suppressed for this reason alone, we need not reach the question whether the bank bag was in plain view at the time it was seized from Martin's desk drawer.

Reversed.

GOODWIN, Circuit Judge, dissenting.

Martin packed the bag in front of Garcia without any expectation of privacy. Accordingly, I would not extend *Chadwick* to the facts of this case.

*Chadwick* has its roots in the privacy values of the person and of the person's possession. *Katz v. United States,* 389 U.S. 347, 351, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967). *Chadwick* does not require a mechanical formality. The invasion of privacy in *Chadwick* was the unwarranted opening of luggage that had been packed in privacy. In our case, Martin had displayed his merchandise to his customer (who turned out to be a police officer) and he had also allowed his supposed customer to watch him pack. Martin retained no expectation of privacy in his merchandise as far as Garcia was concerned. When it developed that Garcia was not a customer but a police officer, Martin's faith in Garcia turned out to have been misplaced, but no privacy had been invaded. *See Lewis v. United States,* 385 U.S. 206, 210, 87 S.Ct. 424, 427, 17 L.Ed.2d 312 (1966).

It is argued that the time element, some ten to twenty minutes, extinguishes "plain view" and restores to the drawer and its contents some element of privacy that must not be violated without a warrant. I would agree on the perishable nature of plain view as an abstract proposition. After the passage of some significant amount of time following a view, a new expectation of privacy again might be reasonable, but this is not such a case. Here we have essentially a unitary transaction. The officer came, she saw, she went out to get "the money" which turned out to be reinforcements, and she returned and retrieved what she had just seen. This transaction invaded no privacy that Martin had not voluntarily relinquished when he dealt with Garcia.

I would affirm.